■ RAPID-AMERICAN CORPORATION, Respondent, v OLYMPIC TOWER ASSOCIATES, Appellant.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 7, 1989, which denied defendant's motion to stay arbitration and vacate plaintiff's arbitration demand, unanimously affirmed, with costs.

Plaintiff, a tenant of defendant, timely objected to certain rent increases due to additional operating costs and requested access to defendant's books and records pursuant to the lease. When the defendant refused to comply, plaintiff sought and obtained an order directing defendant to provide plaintiff access to its books and records, which was affirmed on appeal to this court. (157 AD2d 589, *lv denied* 76 NY2d 705.)

Plaintiff subsequently demanded arbitration with respect to the rent increases. Defendant sought to vacate the demand for arbitration, claiming that plaintiff had not served a sufficiently detailed notice of objection to the rent increases. The IAS court denied defendant's application on the ground that the sufficiency of the notice was determined in the earlier decision.

Defendant once again asserts that plaintiff's demand for arbitration should be vacated since plaintiff's objections were not sufficiently specific to comply with the notice requirement in the lease. To the contrary, any lack of specificity in plaintiff's notice was due to defendant's failure to provide plaintiff with access to the financial books and records. As defendant caused the very deficiency of which it now complains, it cannot now be heard to argue noncompliance on the part of the plaintiff. *(See, e.g., Ellenberg Morgan Corp. v Hard Rock Cafe Assocs.,* 116 AD2d 266.) Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.